UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| TIMOTHY THIBODEAU<br>    Plaintiff<br><br>v.<br><br>DIVERSIFIED COLLECTION SERVICES, INC.,<br>JOHN DOE a/k/a MIKE HEINZ,<br>JANE DOE I a/k/a KAYLA, & JANE DOE II a/k/a<br>MS. SANCHEZ<br>    Defendants | CIVIL ACTION<br><br>COMPLAINT<br><br>JURY TRIAL CLAIMED<br><br><br><br>OCTOBER 18, 2010 |

## COMPLAINT

### I. INTRODUCTION

1. This is a suit brought by a consumer against a collection agency for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and includes pendant State claims for violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-110a *et seq.* and for intentional infliction of emotional distress.

### II. PARTIES

2. Plaintiff, Timothy Thibodeau, is a natural person residing in East Hartford, Connecticut.

3. Defendant Diversified Collection Services, Inc. ("DCS") is a California company licensed by the Connecticut Department of Banking as a Consumer Collection Agency.

4. John Doe a/k/a Mike Heinz is an employee of DCS who works as a debt collector. Mike Heinz's identity and state of residence are not known to Plaintiff but is ascertainable in discovery.

5. Jane Doe I a/k/a Kayla ("Kayla") is an employee of DCS who works as a debt collector. Kayla's identity and state of residence are not known to Plaintiff but is ascertainable in discovery.

6. Jane Doe II a/k/a Ms. Sanchez ("Ms. Sanchez") is an employee of DCS who works as a debt collector. Ms. Sanchez's identity and state of residence are not known to Plaintiff but is ascertainable in discovery.

## III. JURISDICTION

7. Jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331 and 1337; supplemental jurisdiction is proper pursuant to 28 U.S.C § 1367.

8. This Court has jurisdiction over DCS because it engages in business activities within Connecticut.

9. Venue in this Court is proper, as the Plaintiff is a resident of Connecticut and the acts complained of occurred in this state.

## IV. FACTUAL ALLEGATIONS

10. Approximately twenty years ago, Plaintiff took out student loans and acquired debt associated with those loans.

11. DCS began collecting on one or more of the aforementioned student loans (the "Debt").

12. On or around May 27, 2010, Mike Heinz called Plaintiff's son's cell phone number from phone number 325-224-6101 and spoke with Plaintiff's son, and during that conversation, Mike Heinz told him that he was his father's coworker trying to get in contact with Plaintiff, and when Plaintiff's son questioned him about his work relationship with his father, Mike Heinz told him that he and his father were working on a project together and that he needed to speak with his father about something important at work.

13. On or around June 1, 2010, Kayla called Plaintiff's workplace and left a voicemail message; on that message, she stated that she was trying to get in contact with Timothy Thibodeau and that she needed him to call her back at 325-224-6309; on that message Kayla did not state that the communication was from a debt collector.

14. On or around June 1, 2010, Kayla called Plaintiff's wife's cell phone from telephone number 325-224-6309 and spoke with Plaintiff's wife, and during that conversation, she asked her if she knew Timothy Thibodeau, and when his wife responded in the affirmative, Kayla said that she had been trying to get in contact with him and that she was a friend of Plaintiff's.

15. On or around June 2, 2010, Kayla called Plaintiff's son's cell phone number from telephone number 325-224-6309 and spoke with Plaintiff's son, and during that conversation, she represented herself as Plaintiff's coworker, and Plaintiff's son replied that Plaintiff was presently at work so she should just him the message personally, at which point Kayla became irate and told him to give Plaintiff her number, and she hung up.

16. On or around June 9, 2010, Kayla called Plaintiff at his workplace and left a voicemail asking Plaintiff to call her at 888-335-6267, extension 6309, which message did not state that it was a call from a debt collector; that same day, Plaintiff received an email from his supervisor which stated "I received two calls from Kayla of DCS who stated that she has left messages for you.  Not sure if you have resolved your voicemail issues with IT.  Please call her today at 325.224.6309 or 888.335.6267 ext. 6309."

17. On or around June 9, 2010, Kayla called Plaintiff's wife's cell phone, and Plaintiff called Kayla back and spoke with her, and during that conversation, Kayla told Plaintiff that DCS was going to proceed with wage garnishment unless he agreed to pay approxlimately $400.00 a month; Plaintiff then asked to speak with Kayla's supervisor, and he was transferred to a woman named Ms. Sanchez, and he explained to Ms. Sanchez that he was already enrolled in a payment program, and they both agreed to discuss the matter in further detail on June 11th.

18. On or around June 11, 2010, a DCS representative called Plaintiff's wife's cell phone, and Plaintiff called DCS back in response and spoke with Ms. Sanchez again, and she told him that they were going to proceed with wage garnishment unless he agreed to pay $400 a month, and when he told her that he could not afford to pay that amount, she told him that they were going to proceed with wage garnishment unless he agreed to their terms by 4:00 PM, Wednesday, June 16, 2010, and she transferred him to the voicemail of a representative named Mark Jordon; Plaintiff left a message on his voicemail.

4

19. On June 16, 2010 Kayla called Plaintiff's workplace and left a message on his voicemail asking him to return her call at 888-335-6267, Extension 6309; on that message, Kayla did not state that the communication was from a debt collector.

20. On June 14, 2010, sometime before 4:00 PM, Kayla called and spoke with Plaintiff, and she asked him whether he had agreed to their repayment terms, and he told her that it was not 4:00 PM yet, and he asked to be transferred to Ms. Sanchez; Kayla transferred Plaintiff to Ms. Sanchez, and Ms. Sanchez became angry and told him that they were going ahead with wage garnishment since he had not met their demands.

21. On or around June 16, 2010, Kayla called Plaintiff and left a message asking that he call her back; on that message, Kayla did not state that the communication was from a debt collector.

22. On or around June 16, 2010, Kayla called Plaintiff; Plaintiff answered that call and was transferred to Ms. Sanchez, and Ms. Sanchez told him that DCS was proceeding with wage garnishment.

23. DCS never garnished Plaintiff's wages.

24. As a result of DCS aforementioned collection practices, Plaintiff suffered nervousness, loss of sleep, anxiety, mood swings, inability to concentrate, loss of motivation at work, as well as humiliation and embarrassment.

## V. COUNT ONE
### Fair Debt Collection Practices Act – DCS

25. Plaintiff incorporates Paragraphs 1- 24.

26. DCS violated the FDCPA in the following respects:

a. DCS violated 15 U.S.C. §§ 1692e(5) and 1692e(10) by threatening to garnish Plaintiff's wages unless he agreed to pay $400 a month by a stated deadline..

b. DCS violated 15 U.S.C. § 1692e(10) when it's representative called and misrepresented to Plaintiff's son that he was one of Plaintiff's co-workers.

c. DCS violated 15 U.S.C. § 1692e(10) when its representative called and misrepresented to Plaintiff's wife that she was Plaintiff's friend.

d. DCS violated 15 U.S.C. § 1692c by making impermissible communications with Plaintiff's supervisor and son.

e. DCS violated 15 U.S.C. § 1692e(11) by leaving messages for Plaintiff that failed to state that the communication was from a debt collector.

f. DCS violated 15 U.S.C. § 1692d by engaging in conduct as described above, the natural consequence of which was to harass, oppress, or abuse the plaintiff; and

g. DCS violated 15 U.S.C. § 1692f by using unfair or unconscionable means to attempt to collect the debt as described above.

27. For DCS's violations of the FDCPA as described above, Plaintiff is entitled to recover his actual damages (including emotional distress related damages), statutory damages of $1,000, and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k.

## VI. COUNT TWO
### Fair Debt Collection Practices Act – Mike Heinz

28. Plaintiff incorporates Paragraphs 1-24.

29. Mike Heinz violated 15 U.S.C. § 1692e(10) when he called and misrepresented to Plaintiff's son that he was one of Plaintiff's co-workers.

30. Mike Heinz violated 15 U.S.C. § 1692d by engaging in conduct as described above, the natural consequence of which was to harass, oppress, or abuse the plaintiff.

31. Mike Heinz violated 15 U.S.C. § 1692f by using unfair or unconscionable means to attempt to collect the debt as described above.

32. For Mike Heinz's violations of the FDCPA as described above, Plaintiff is entitled to recover his actual damages (including any emotional distress related damages), statutory damages of $1,000, and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k.

## VI. COUNT THREE
### Fair Debt Collection Practices Act – Kayla

33. Plaintiff incorporates Paragraphs 1-24.

34. Kayla violated the FDCPA in the following respects:

    a. Kayla violated 15 U.S.C. § 1692e(10) by misrepresenting to Plaintiff's son that she was Plaintiff's co-worker and by telling Plaintiff's wife that she was Plaintiff's friend.

    b. Kayla violated 15 U.S.C. §§ 1692e(5) and 1692e(10) by threatening to garnish Plaintiff's wages unless he agreed to pay $400 a month.

    c. Kayla violated 15 U.S.C. § 1692c by making impermissible communications with Plaintiff's supervisor– communications which were not solely made for the purpose of acquiring location information.

7

    d. Kayla violated 15 U.S.C. § 1692e(11) by leaving messages for Plaintiff that failed to state that the communication was from a debt collector.

    e. Kayla violated 15 U.S.C. § 1692d by engaging in conduct as described above, the natural consequence of which was to harass, oppress, or abuse the plaintiff; and

    f. Kayla violated 15 U.S.C. § 1692f by using unfair or unconscionable means to attempt to collect the debt as described above.

35. For Kayla's violations of the FDCPA as described above, Plaintiff is entitled to recover his actual damages (including emotional distress damages), statutory damages of $1,000, and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k.

## VII. COUNT FOUR
### Fair Debt Collection Practices Act – Ms. Sanchez

36. Plaintiff incorporates Paragraphs 1-24.

37. Ms. Sanchez violated the FDCPA in the following respects:

    a. Ms. Sanchez violated 15 U.S.C. §§ 1692e(5) and 1692e(10) by threatening to garnish Plaintiff's wages unless he agreed to pay $400 a month.

    b. Ms. Sanchez violated 15 U.S.C. § 1692d by engaging in conduct as described above, the natural consequence of which was to harass, oppress, or abuse the plaintiff; and

    c. Ms. Sanchez violated 15 U.S.C. § 1692f by using unfair or unconscionable means to attempt to collect the debt as described above.

38. For Ms. Sanchez's violations of the FDCPA as described above, Plaintiff is entitled to recover his actual damages (including emotional distress damages), statutory damages of $1,000, and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k.

## VIII. COUNT FIVE
### Intentional Infliction of Emotional Distress– DCS, Mike Heinz, Kayla, & Ms. Sanchez

39. Plaintiff incorporates Paragraphs 1-24.

40. DCS, Mike Heinz, Kayla, and Ms. Sanchez knew, or reasonably should have known, that their conduct would likely cause emotional distress to Plaintiff.

41. DCS's, Mike Heinz's Kayla's, and Ms. Sanchez's conduct did cause Plaintiff to suffer emotional distress, embarrassment, shame, stress and anxiety.

42. DCS's, Mike Heinz's, Kayla's, and Ms. Sanchez's actions were willful, wanton and malicious, in that they intended to cause Plaintiff distress to induce Plaintiff to pay the debt, in hopes that Plaintiff would pay in order to relieve the stress.

43. Plaintiff is entitled to his damages.

## IX. COUNT SIX
### CUTPA– DCS

44. Plaintiff incorporates Paragraphs 1-24.

45. DCS has engaged in unfair and deceptive trade practices in violation of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a *et seq*.

46. Plaintiff has suffered an ascertainable loss on account of DCS's illegal debt collection activities, in that he has incurred costs associated with cell phone minutes expended speaking with DCS's representatives.

47. DCS violated CUTPA and is liable to Plaintiff for his monetary damages, punitive damages, and attorney's fees and costs pursuant to Conn. Gen. Stat. § 42-110g.

WHEREFORE, Plaintiff prays for the following relief:

Monetary damages related to Plaintiff's emotional distress; Actual damages, statutory damages, and attorney's fees and costs pursuant to 15 U.S.C. § 1692k, actual damages, punitive damages, and attorney's fees pursuant to Conn. Gen. Stat. § 42-110g, and such other relief as this Court deems appropriate.

PLAINTIFF, TIMOTHY THIBODEAU

By: _____
Daniel S. Blinn, ct02188
Matthew W. Graeber, ct27545
dblinn@consumerlawgroup.com
Consumer Law Group, LLC
35 Cold Spring Rd. Suite 512
Rocky Hill, CT  06067
Tel. (860) 571-0408; Fax. (860) 571-7457